820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Shaheed Umar ABDUS-SAMMAD, Defendant-Appellee.
 No. 86-5161.
 United States Court of Appeals, Fourth Circuit.
 Argued March 2, 1987.
Decided June 1, 1987.
 
 Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 William Graham Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellant.
 Thomas Crane Carter, for appellee.
 MURNAGHAN, Circuit Judge:
 
 
 1
 The Government obtained an indictment against Shaheed Umar Abdus-Sammad for violation in 1986 of 18 U.S.C.App. II Sec. 1202(a)(1), which punishes "[a]ny person who ... has been convicted by a court ... of a State ... of a felony ... and who receives, possesses, or transports in commerce or affecting commerce ... any firearm...." Prior to trial the defendant successfully argued that, as a matter of law, he was not a convicted felon. The district court dismissed the indictment. The Government has appealed.
 
 
 2
 In the district court the Government established, by an order of the Superior Court of Fulton County, Georgia that in 1984 the defendant had pleaded guilty to a felony and was sentenced to two 5-year terms, "probated", and subjected to a fine and penalty assessment. The order further provided that the defendant was sentenced, with his consent, under the Georgia First Offenders Act, Ga.Code Ann. Sec. 42-8-60 et seq. (1985) and that, if his probation were revoked, the court might adjudge the defendant guilty.
 
 
 3
 Georgia, in an attempt to enhance rehabilitation of first offenders, has provided that, where probation imposed under its first offender statute is successfully completed, the case should be dismissed without any conviction standing against the name of the defendant. Ga.Code Ann. Secs. 42-8-60, 42-8-62 (1985). Here such state court dismissal has not occurred. The probation has not been fully served.
 
 
 4
 The defendant's contention is that he could not be found to have been convicted of a prior felony and therefore could not be guilty under the federal statute. The district court accepted the argument and dismissed the case. We have not been similarly impressed.
 
 
 5
 The controlling question here is whether there has been a "conviction" by the state of Georgia. That question is to be resolved under federal, not state, law.
 
 
 6
 Whether one has been "convicted" within the language of the gun control statutes is necessarily, as the Court of Appeals in the present case [the Fourth Circuit] correctly recognized ... a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State.
 
 
 7
 Dickerson v. New Banner Institute, 460 U.S. 103, 111-12 (1983) (citation omitted). The Court in Dickerson went on to hold that first offenders treatment of the type involved here did not establish that the proceedings against the perpetrator of the crime did not amount to a conviction.
 
 
 8
 The defendant calls attention to the fact that the Dickerson case involved a civil and not a criminal action. He argues that in a criminal case, such as the one presently before us, there is to be applied a concept of lenity which here compels a finding in the defendant's favor in view of the supposed ambiguity existing in the language of the statute. While ambiguity often leads to a result such as the one for which the defendant contends, it should be observed that the Dickerson case was decided in 1983, while the conduct with which we are concerned took place three years later. What may have been ambiguous before Dickerson was decided was no longer ambiguous after that ruling was handed down by the Supreme Court. The assertions of the defendant lost all force once controlling authority in the nature of a decision by the Supreme Court of the United States appeared.
 
 
 9
 The defendant has attempted to derive benefit from the adoption in May 1986 by the U.S. Congress of a statute providing that convictions
 
 
 10
 shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of the chapter....
 
 
 11
 P.L. 99-308, Sec. 101, 100 Stat. 449 (approved May 19, 1986). He asserts that the passing of that statute, although after the indictment had been handed down, gave an indication of congressional intent as to how the extant statute should be interpreted. Setting aside the question of retroactivity, there are two difficulties from the point of view of Shaheed Umar Abdus-Sammad. In the first place, the provision of the 1986 statute regarding expungement, etc., only applies if there was indeed a "conviction" originally, so that to rely on the statute is to abandon the principal argument that there was never a conviction. The May 1986 statutory language specifically refers to any "conviction" which has been expunged or set aside, or for which a person has been pardoned or has had civil rights restored. Furthermore, no such action has been shown to have taken place. The defendant has not yet had the black mark against him in the judgment records of Georgia expunged or set aside, nor has he been pardoned nor has he had his civil rights restored. Consequently, the 1986 statute is truly not relevant or helpful to the defendant on the question with which we have to deal.
 
 
 12
 On that basis the case is reversed and remanded to the district court for further proceedings consistent with this opinion. In view of the decision we have made, it is not necessary to consider other points raised by the parties.
 
 
 13
 REVERSED AND REMANDED.